## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**LESLIE REED, ET AL.**                    **CASE NO.  3:17-CV-01382**

**VERSUS**                                 **JUDGE TERRY A. DOUGHTY**

**LOUISIANA DEPARTMENT OF**                **MAG. JUDGE KAYLA D. MCCLUSKY**
**CORRECTIONS, ET AL.**

<u>**MEMORANDUM RULING**</u>

Before the Court is a Motion for Summary Judgment [Doc. No. 107] filed by Defendants Richwood Correctional Center, LLC ("RCC"), Ray Hanson ("Hanson"), and The Princeton Excess and Surplus Lines Insurance Company (the "Insurance Company") (collectively, "Defendants"). Plaintiffs Leslie Reed ("Reed") and Otis McGinnis ("McGinnis") (collectively, "Plaintiffs") filed a Memorandum in Opposition to Motion for Summary Judgment [Doc. No. 109] in response.

For the reasons set forth herein, Defendants' Motion is **GRANTED**.

## I.    BACKGROUND

This action revolves around the death of Brandon Reed ("Reed"), a former inmate of RCC in Monroe, Louisiana.[1] Reed was arrested by the Monroe Police Department and booked at RCC on or about August 25, 2016.[2] Reed was released on or about October 17, 2016.[3] Before his incarceration at RCC, Reed was in the custody of Ouachita Correctional Center ("OCC").[4] While at OCC, Plaintiffs allege that Reed began experiencing a chronic cough, difficulty eating and digesting food, and significant weight loss.[5] Plaintiffs, in their Amended Complaint, allege that

---

[1] [Doc. No. 107, p. 1]
[2] [Id.]
[3] [Id.]
[4] [Id. at p. 2]
[5] [Doc. No. 109, p. 2] Plaintiffs made these allegations in the factual background section of the Memorandum in Opposition. Plaintiffs did not provide citations or evidentiary support for these claims.

Reed's symptom persisted during his incarceration at RCC, and despite his symptoms, RCC did not provide Reed with adequate care or any care at all.[6]

As a result of the foregoing, Plaintiffs assert claims against RCC, Ray Hansen, and the Insurance Company.[7] Ray Hanson is the former Warden of RCC.[8]

Plaintiffs' Amended Complaint alleges several claims against Defendants. First, Plaintiffs claim that Defendants violated Reed's constitutional rights by showing deliberate indifference to his medical needs while he was in the custody of the RCC.[9] Second, Plaintiffs assert claims against Defendants under 42 U.S.C. § 1983 alleging that Defendants failed to provide adequate medical care and treatment despite Reed's condition when he entered RCC.[10] Plaintiffs argue that Defendants' neglect in providing adequate care or total denial of care directly contributed to Reed's death.[11] Finally, Plaintiffs appear to allege state law claims under Louisiana Civil Code Articles 2315, 2315.1, and 2315.2.[12] While it is somewhat unclear from the Amended Complaint, it appears that Plaintiffs argue that Defendants breached their duty in failing to provide Reed with proper medical care and failing to adequately supervise or train employees. [13]

In response to these claims, Defendants filed a Motion for Summary Judgment [Doc. No. 115]. Defendants first contend that all claims against them have prescribed, or, in the alternative, lack merit.[14] Additionally, Defendants point out that Reed's weight was continuously monitored while he was incarcerated at RCC and that he received prescription medications for certain medical

---

[6] [Doc. No. 38, p. 2–3]
[7] [Id. at p. 1–2]
[8] [Id. at p. 2]
[9] [Id.]
[10] [Id.]
[11] [Id. at 3–4]
[12] [Doc. No. 115, p. 3]
[13] [Doc. No. 38, p. 2]
[14] [Doc. No. 115, p. 3]

conditions.[15] Thus, Defendants argue that Plaintiffs will be unable to establish necessary elements on all claims and that they are entitled to summary judgment.[16]

Plaintiffs filed a Memorandum in Opposition [Doc. No. 109] to the instant motion; however, Plaintiffs did not respond to any arguments made by Defendants.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

Federal Rule of Civil Procedure 56(a) states:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  The court should state on the record the reasons for granting or denying the motion.

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also* FED. R. CIV. P. 56(c)(1).

A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337,

---

[15] [Id. at pp. 17–18]
[16] [Id. at p. 3]

343 (5th Cir. 2007) (*citing Anderson*, 477 U.S. at 248). However, in evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

### B. Analysis

Defendants argue the following in support of their Motion for Summary Judgment: 1) All claims prior to October 2016 have prescribed;[17] 2) Plaintiffs have not properly pleaded their Section 1983 claims against RCC;[18] 3) Plaintiffs have failed to establish Section 1983 claims against Hanson in his individual capacity;[19] 4) Plaintiffs cannot prove medical causation;[20] 5) Plaintiffs have not presented a valid claim under the Rehabilitation Act;[21]and 6) Plaintiffs have not established valid claims under Louisiana state law.[22] Plaintiffs do not respond to Defendants' arguments.

The Court will address each argument below.

### 1. Claims made prior to October 2016 are prescribed.

Defendants first argue that all claims arising prior to October 25, 2016, are prescribed.[23] In support of their argument, Defendants cite 42 U.S.C. § 1983, which states that federal courts—in the absence of a federal statute of limitations—apply the state's prescription statute.[24] Defendants

---

[17] [Id. at p. 8]
[18] [Id. at p. 15]
[19] [Id. at p. 19]
[20] [Id. at p. 21]
[21] [Id. at p. 23]
[22] [Id. at p. 25]
[23] [Id. at p. 8]
[24] [Id. at p. 7]

note that Louisiana's one-year prescriptive period for personal injury actions applies to both federal and state law claims.[25]

As noted above, Plaintiff does not respond to Defendants' arguments.

Plaintiffs' claims arise under both 42 U.S.C. § 1983 and Louisiana state law. Because Section 1983 does not provide a statute of limitations, "federal courts apply the state prescription statute governing [the] most analogous cause of action." *Drury v. U.S. Army Corps. of Eng'rs*, 359 F.3d 366, 367 n.1 (5th Cir. 2004) (referencing *Braden v. Texas A & M Univ. Sys.*, 636 F.2d 90, 92 (5th Cir. 1981) (holding that because Section 1983 has no statute of limitations period, federal courts apply the state prescription statute governing the most analogous cause of action)). Accordingly, both the federal and state law claims here are subject to the prescriptive period provided by Louisiana law. For actions brought pursuant to Section 1983, federal courts borrow the forum state's personal-injury limitations period. *Brown v. Cain*, 546 F. App'x 471 (5th Cir. 2013). In Louisiana that period is one year. La. C.C. art. 3492. The party pleading prescription bears the burden of proving that the claim has prescribed; however, "when the face of the petition reveals that the plaintiff's claims have prescribed, the burden shifts to the plaintiff to demonstrate prescription was suspended or interrupted." *Harris v. Breaud*, 243 So. 3d 572, 579 (La. App. 1st Cir. 2018).

In *Harris*, the plaintiffs argued that their claim had not prescribed because of the discovery rule. *Id.* Under the discovery rule, "prescription does not begin to run until the plaintiff knows of sufficient facts and has a reasonable basis for filing suit against a certain defendant." *Id.* The *Harris* court found that the plaintiffs' claims had prescribed on their face, and the plaintiffs bore the burden of proving the claims were not prescribed. *Id.* However, the plaintiffs alleged no facts

---

[25] [Id.]

regarding their inability to discover the claim, and the plaintiffs did not allege a date that the claim was discovered on. *Id.* at 579–80. Given the lack of facts and evidence, the *Harris* court found that the plaintiffs failed to carry their burden. *Id.*

In the present action, the conduct giving rise to Plaintiffs' claim against Defendants allegedly occurred from August 25, 2016 to October 17, 2016, the time in which Reed was incarcerated at RCC.[26] Since this action was not filed until October 25, 2017, Plaintiffs' claims have prescribed on their face, and the burden has shifted to them to show that their claims have not prescribed. Plaintiffs have not responded to Defendants' arguments on this issue; however, in their Memorandum in Opposition to Motion for Summary Judgment [Doc. No. 109], Plaintiffs claimed that the discovery rule applied.[27]

Even applying the discovery rule, Plaintiffs fail to carry their burden. Similar to the *Harris* case, Plaintiffs have failed to allege an alternative date that the claims were discovered on or a date on which they were made aware of the claims. To the contrary, Plaintiffs have conceded throughout their complaint that they were aware of the alleged denial of adequate care to Reed during his incarceration at both OCC and RCC. Since Plaintiffs have not provided any argument in opposition to this motion and have not alleged an alternative date on which prescription began to run, all of Plaintiffs' claims arising prior to October 17, 2016, have prescribed and must be dismissed.

### 2. Plaintiffs do not have valid claims against RCC under Section 1983.

Defendants next argue that Plaintiffs have failed to establish their Section 1983 claims.[28] Specifically, Defendants contend that Plaintiffs have failed to identify and adequately describe an

---

[26] [Id. at p. 1]
[27] [Doc. No. 109, p. 6]
[28] [Doc. No. 115, p. 14–15]

unconstitutional policy or pattern of similar conduct sufficient to establish the existence of an unconstitutional custom or policy.[29] Finally, Defendants argue that Plaintiffs rely on vague assertions and an alleged single incident to establish their failure-to-train claim.[30]

Plaintiffs do not respond to Defendants' argument on this issue.

> **a.  Plaintiffs have not pled sufficient facts to survive a motion for summary judgment on their Section 1983 *Monell* claims.**

In *Rosborough v. Mgt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003), the United States Court of Appeals for the Fifth Circuit ("the Fifth Circuit") held that private prisons, like RCC, are subject to Section 1983 claims. To establish their Section 1983 claim and survive summary judgment, Plaintiffs "must show that (1) an official policy" (2) promulgated by RCC "(3) was the moving force behind the violation of a constitutional right." *Hicks-Fields v. Harris Cty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017) (*citing Peterson v. City of Ft. Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009)). An official policy "includes the decisions of a government's law-makers, the acts of its policy making officials, and practices so persistent and widespread as to practically have the force of law." *Pena v. City of Rio Grande, Tex.*, 879 F.3d 613, 621–22 (5th Cir. 2018) (*quoting Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citations omitted)). Additionally, "a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation…cannot be conclusory; it must contain specific facts.'" *Id.* at 622 (*quoting Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

In *Pena*, the plaintiff was injured after being tased by police officers. The plaintiff asserted a *Monell* claim against the municipality alleging that the municipality had a policy of tasing non-suspect minors. *Id.* In support of her allegation, the plaintiff cited the department's written taser

---

[29] [Id. at p. 12]
[30] [Id. at p. 15]

policy. *Id.* The court, however, concluded that the plaintiff failed to show a causal connection because the policy allowed for tasing of moving individuals and did not permit tasing non-suspect minors. *Id.* Since the policy was irrelevant to the injury alleged, the court disregarded the policy. *Id.* Next, the court found that the only other specific fact alleged by the plaintiff was the description of the incident involving the plaintiff. *Id.* at 623. Since more than the incident giving rise to the claim is required to establish a custom or practice, the court rejected the plaintiff's argument and dismissed the *Monell* claim. *Id.*

In the instant action, Plaintiffs allege that Defendants implemented and enforced unconstitutional policies at RCC and as a result are liable for Reed's inadequate medical treatment and subsequent injuries.[31] Similar to *Pena*, Plaintiffs allege that Defendants' policy or practice allowed for the injury to occur. Plaintiffs, however, have failed to specifically identify a policy or provide specific facts showing a causal relationship between the alleged policy and the injury suffered by Reed. Moreover, to support their allegation that RCC had a custom or practice of depriving inmates of medical care, Plaintiffs have failed to do more than recite the facts that gave rise to the present action, and as noted in *Pena*, more is required to survive a motion for summary judgment. Thus, Plaintiffs' *Monell* claims fail as a matter of law.

### b. Plaintiffs have failed to allege sufficient facts to avoid summary judgment on their failure-to-train claim.

Plaintiffs similarly fail to allege more than conclusory allegations to establish their failure-to-train claim. To succeed on a failure-to-train claim, the plaintiff must "prove that (1) the city failed to train or supervise the [employee] involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted a deliberate indifference to the plaintiff's constitutional

---

[31] [Doc. No. 38, p. 3]

rights." *Id.* (*citing Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001)). Ordinarily, to show deliberate indifference, the plaintiff must establish "a pattern of similar constitutional violations by untrained employees." *Id.* (*citing Connick v. Thompson*, 563 U.S. 51, 62 (2011)).

In *Pena*, discussed above, the court held that the plaintiff could not succeed on her failure-to-train claim because she failed to allege that the defendant engaged in a pattern of similar unconstitutional conduct. *Id.* Here, Plaintiffs, in attempting to assert their claim under the Rehabilitation Act, allege that Reed was denied access to medical treatment while other similarly situated individuals were afforded access to medical treatment.[32] In making this argument, Plaintiffs acknowledge that no pattern of similar conduct existed and that, while Reed was allegedly denied medical care, others received the care needed.

By failing to allege a pattern of unconstitutional conduct, Plaintiffs attempt to establish their claim through a single incident. A single incident can sometimes establish a failure to train claim; however, case law suggests that the plaintiff must show that the individual who committed the constitutional violation received no training whatsoever. *Id.* at 624 (noting that the single incident exception is a narrow one that the Supreme Court has declined to extend multiple times). Plaintiffs have likewise failed to allege that the medical staff at RCC received no training and have failed to establish the single incident exception. Thus, these claims must also be dismissed.

### 3. Plaintiffs fail to state a valid Section 1983 claim against Hanson in his individual capacity.

In their Amended Complaint, Plaintiffs allege that Defendant Hanson failed to properly supervise and train employees, which resulted in the injuries sustained by Reed.[33] In response,

---

[32] [Doc. No. 1, p. 8]
[33] [Doc. No. 38, p. 3]

Defendants assert that Plaintiffs cannot establish the requisite elements to succeed on a Section 1983 supervisory claim or failure-to-train claim.[34]

Again, Plaintiffs have not responded to Defendants' argument on this issue.

Supervisory officials, like Hanson, cannot be held liable under Section 1983 for the actions of their subordinates on the theory of *respondeat superior*. *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Instead, the plaintiff must show that the defendant's conduct resulted in a denial of the plaintiff's constitutional rights. *Id.* To succeed on a failure-to-train or failure-to-supervise claim, the plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiffs rights; and (3) the failure to train or supervise amounts to a deliberate indifference." *Id.*

Here, Plaintiffs' claims fail at the third prong of the analysis. To prove that a defendant acted with deliberate indifference, a plaintiff must show that the official was aware of facts from which an inference could have been drawn that a substantial risk of serious harm exists, and he must also have drawn the inference. *Id.* "Deliberate indifference requires a showing more than negligence or even gross negligence." *Id.* Generally, to show deliberate indifference, "a plaintiff must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Id.*

Plaintiffs appear to assert that Hanson is liable for the conduct of the treating nurses and other prison workers because Hanson was aware of Reed's condition;[35] however, other than conclusory assertions, Plaintiffs offer no evidence showing that Hanson was aware of Reed's condition. Moreover, Plaintiffs have not asserted a pattern of similar conduct, but rather Plaintiffs

---

[34] [Id. at p. 21]
[35] [Doc. No. 38, p. 3–4]

conceded in their Opposition that other individuals were afforded adequate medical care.[36] Without alleging a pattern of similar conduct, Plaintiffs have failed to establish the third element required to hold Hanson liable under Section 1983. Hanson is thus entitled to judgment as a matter of law.

### 4. Plaintiffs have not presented a valid claim under the Rehabilitation Act.

Defendants argue that Plaintiffs have not presented a valid claim under the Rehabilitation Act.[37] In support, Defendants assert that Plaintiffs have not and cannot produce any medical evidence showing that Reed suffered from a disability.[38] Further, Defendants contend that Plaintiffs have offered nothing more than conclusory allegations in support of this claim.[39] Therefore, Defendants maintain that Plaintiffs' claim under the Rehabilitation Act claim must be dismissed.[40]

Plaintiffs failed to respond to Defendants' arguments on this issue.

This Court agrees that the Rehabilitation Act does not apply in this case. The Rehabilitation Act "prohibits disability discrimination by recipients of federal funding." *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011). Specifically, the Act provides that "no qualified individual with a disability shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Id.* (internal quotations omitted).

In the instant action, Plaintiffs have not claimed that Reed was disabled as defined under the Act or that he was denied benefits because of such disability. Because Plaintiffs have failed to

---

[36] [Doc. No. 1, p. 8]
[37] [Doc. No. 115, p. 23]
[38] [Id.]
[39] [Id.]
[40] [Id.]

allege a disability or discrimination because of a disability, their claims under the Rehabilitation Act fail.

### 5. Plaintiffs do not have a valid claim under Louisiana state law.

Lastly, Defendants argue that Plaintiffs do not have a valid claim under Louisiana state law.[41] Defendants acknowledge that prison authorities have a duty to provide reasonable medical care to inmates, but they assert that this duty does not require a full hospital at the prison site.[42] Defendants argue that Reed was provided with adequate medical treatment while incarcerated at RCC. Additionally, Defendants contend that Plaintiffs cannot produce any evidence to the contrary and are thus entitled to summary judgment.

Plaintiffs failed to respond to Defendants' arguments on this issue.

In their Amended Complaint, Plaintiffs appear to allege that Defendants are liable under Louisiana Civil Code Articles 2315, 2315.1, and 2315.2.[43] Specifically, Plaintiffs allege that Defendants breached their standard of care by depriving Reed of adequate medical treatment and refusing to treat him after several requests were made. The applicable standard of care requires prison officials to provide inmates with reasonable medical care. *Neidlinger v. Warden, Med. Dept.*, 38 So. 3d 1171, 1173 (La. App. 2d Cir. 2010). Reasonable medical care "does not require the maintenance of a full hospital" at the prison "in order to protect an inmate against every medical risk but does encompass the risk that an inmate will become sick or injured and require life-saving medical attention." *Id.*

In *Neidlinger*, the plaintiff was bitten by a spider while in the care of the defendants. The spider bite caused a serious infection that required hospital care. *Id.* at 1171. The plaintiff claimed

---

[41] [Id. at p. 24]
[42] [Id.]
[43] [Doc. No. 38, p. 2–3]

that the defendants did not act reasonably in failing to provide him with antibiotics in the earlier stages of his infection. *Id.* at 1174. Further, the plaintiff argued that had he been administered antibiotics sooner, the infection would not have required hospital care. *Id.* In affirming the trial court's decision to grant summary judgment, the appellate court found that the plaintiff "merely stated his version of the facts, without the support of affidavits, depositions, or any other supporting evidence that would have been sufficient to establish" that he could prevail at trial. *Id.*

In the instant action, Reed was booked at RCC on August 25, 2016, and released on October 17, 2016.[44] Shortly after Reed arrived, he was seen by the medical staff at RCC and given prescription medication for his reported conditions.[45] Additionally, Reed's weight was continuously monitored throughout his incarceration at RCC.[46]

Plaintiffs claim that Reed was not afforded adequate medical care when in OCC's custody; however, Plaintiffs have not supported their assertions with affidavits, depositions, or any other evidence. Similar to the plaintiff in *Nwedlinger*, Plaintiffs have merely stated their version of facts with no evidentiary support. Moreover, Plaintiffs have not shown that they will be able to establish the breach element of their claims or satisfy their evidentiary burden at trial. For this reason, Plaintiffs' state law negligence claims under Louisiana Civil Code Articles 2315 and 2315.2 fail.

### III.     CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADUDGED, AND DECREED** that Defendants' Motion for Summary Judgment [Doc. No. 107] is **GRANTED**. All claims filed by Plaintiffs against Defendants are **DISMISSED WITH PREJUDICE**.

---

[44] [Doc. No. 115, p. 1]
[45] [Id. at p. 17]
[46] [Id. at p. 17–18]

MONROE, LOUISIANA, this 28th day of July, 2023.

Terry A. Doughty
United States District Judge